61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew L. ROBINSON, Plaintiff-Appellant,
v.
A.W. ZAVARAS; Roy Romer, Defendants-Appellees.
 No. 95-1148.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Andrew L. Robinson filed a pro se civil rights complaint for damages against Roy Romer, governor of Colorado, and Ari Zavaras, executive director of Colorado's Department of Corrections. Mr. Robinson sued Mr. Romer and Mr. Zavaras in their official capacities. He claimed he served all of his sentence and was being held in prison illegally. The district court adopted the magistrate's recommendation and dismissed the suit as frivolous. Mr. Robinson appeals.
 
 
 3
 The magistrate concluded Mr. Robinson's complaint was legally frivolous under 28 U.S.C.1915(d) because he sued the government officials in their official capacities. Suing a state official in his or her official capacity is equivalent to suing the state. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). States are not "persons" for purposes of 42 U.S.C.1983, and they are immune from 1983 claims for damages. Id.
 
 
 4
 The magistrate also found the complaint frivolous because Mr. Robinson failed to allege Mr. Romer and Mr. Zavaras participated in the alleged violation of his civil rights. Mr. Robinson simply claimed Mr. Romer and Mr. Zavaras have authority over the policies and procedures of the Colorado Department of Corrections. Mr. Robinson did not allege any misconduct on the part of Mr. Romer and Mr. Zavaras resulting in the deprivation of his constitutional rights. Section 1983 requires a degree of causation as an element of liability. 42 U.S.C.1983 ("Every person who ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ... shall be liable") (emphasis added). As Mr. Robinson did not attempt to show how Mr. Romer and Mr. Zavaras caused him to be improperly incarcerated, his claim is frivolous.
 
 
 5
 We find no error and therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470